IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08 CR128

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TERRANCE DEANDREW BACKUS. | ) | |
| | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned, pursuant to a pleading filed by counsel for the defendant entitled "Inquiry as to Counsel" (#329), which the undersigned has considered as a Motion for permission to withdraw as counsel for the defendant. In the filing, the defendant's counsel states that the defendant has informed him and written a letter to the court stating that the defendant wishes to have another attorney appointed to represent him. The letter was addressed in an order of the District Court filed in this matter on September 4, 2009 (#327). Upon the call of the matter for hearing, the defendant was present and his attorney, James S. Weidner, Jr., was present. The government was represented by Assistant United States Attorney Tom Ascik. From the statements of Mr. Weidner and statements the defendant, the court makes the following findings:

Findings: In the Bill of Indictment filed on December 3, 2008, the defendant was charged in Court One with Entering into a Conspiracy to Possess With Intent to Distribute a quantity of cocaine base in violation of Title 21 U.S.C. §§ 846 & 841(a)(1). At the defendant's first appearance hearing, the defendant requested that

counsel be appointed to represent him. As a result, Mr. Weidner was appointed as counsel for the defendant. On March 4, 2009, the defendant appeared before the undersigned and entered a plea of guilty to the charge in the Bill of Indictment.

In a letter dated September 1, 2009, the defendant requested that the District Court dismiss Mr. Weidner from the case and that a new attorney be appointed to represent the defendant. In the letter, the defendant states that he was given, "erroneous advice to induce acceptance of a plea agreement."

At the hearing in this matter, Mr. Weidner further advised the court that he had spoken to the defendant and that the defendant was satisfied with Mr. Weidner continuing to represent him. The undersigned then made a further inquiry about the issue of substitute counsel with the defendant. The defendant initially advised the court that he was satisfied with the services of Mr. Weidner and wanted Mr. Weidner to continue to represent him in this matter. After further inquiry, the defendant stated that he did not understand the Plea Agreement and did not understand the effect of plea that he had entered in this matter on March 4, 2009. After further discussion with the defendant, the defendant stated that he did not wish for Mr. Weidner to represent him further and that he wished for another attorney to be substituted. The undersigned then heard further from Mr. Weidner. Mr. Weidner stated that he had conducted several meetings with the defendant, including one that had lasted over three and one-half hours. He further explained that the defendant wanted to take a course of action

in regard to the defense of this matter, which Mr. Weidner considered at best ill advised and completely not in the best interest of the defendant, and that Mr. Weidner had forcefully argued to the defendant that he should not go forward with that type of action in this case.

The undersigned is advised that sentencing has not yet been scheduled in this matter.

Discussion: An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. U.S. v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why the defendant does not wish for Mr. Weidner to represent him further; and (3) whether or not there is a such a conflict between the defendant and Mr. Weidner that is so great that it has resulted in a total lack of communication preventing an adequate defense. U.S. v. Gallop, 838 F.2d 105 (4th Cir. 1988).

Although the defendant plead guilty in this matter on March 4, 2009, the plea is not a final one until a factual basis is found by the District Court. The matter has

not been set for sentencing. The undersigned does not weigh this factor in favor of granting the defendant's request or denying the request.

The undersigned has inquired as to the reasons for the conflict between the defendant and Mr. Weidner. Initially the defendant advised the undersigned that he wished for Mr. Weidner to continue to represent him, but after further inquiry the defendant changed his mind. It appears from the letter of the defendant to the District Court that the defendant wishes to withdraw his plea of guilty and enter a plea of not guilty and to try the case before a jury. Mr. Weidner is of the opinion that such a course of action would be ill-advised. Mr. Weidner has very strong and compelling reasons for taking this opinion. This degree of conflict must be weighed in favor of allowing the Motion because the final decision about what to do in regard to this case lies with the defendant.

The court has further examined the matter to determine whether or not there is such conflict between Mr. Weidner and the defendant that there is a total lack of communication between them preventing an adequate defense. At this time, it appears that such a conflict does exist. Mr. Weidner is an excellent attorney who has worked diligently on the behalf of the defendant. He has very strong and deep felt opinions about what would be in the best interest of the defendant. The defendant on the other hand, appears to want to reject the advice of Mr. Weidner and go forward and plot his own course in regard to the resolution of this case. This appears to be a high degree

4

of conflict.

After considering all the factors, it appears that there is time before sentencing within which to appoint other counsel who can develop knowledge of the case; that as a result of the inquiry made by the defendant, the undersigned finds that the defendant desires the appointment of another attorney and desires to reject the advice of Mr. Weidner. It further appears that there is now a lack of communication by Mr. Weidner and the defendant that has been caused by the acts of the defendant, which would prevent an adequate defense.

Based upon the foregoing, the undersigned is determined to enter an order allowing Mr. Weidner to withdraw and substituting new counsel in this matter.

## ORDER

**IT IS, THEREFORE**, **ORDERED:**

1. That the pleading entitled "Inquiry as to Counsel" (#329), which is considered by the court as a Motion to Withdraw, is hereby **ALLOWED.**

2. That the Office of the Federal Defender is hereby directed to appoint substitute counsel to represent the defendant in this matter, and that Mr. Weidner is directed to provide to the substitute counsel a complete copy of his file in this matter.

3. That substitute counsel shall up to an including **October 16, 2009** to file a Motion to Withdraw the plea of guilty of the defendant, should the defendant and his counsel determine to do so.

**THIS,** the 5th day of October, 2009.

Signed: October 5, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge