# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:08-CR-128-3

| | |
|---|---|
| UNITED STATES OF AMERICA )| |
| ) | |
| Vs. ) | ORDER |
| ) | |
| TERRANCE DEANDREW BACKUS. ) | |
| ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned, pursuant to an oral motion made by the defendant on January 22, 2010 before the District Court during sentencing requesting that his attorney be removed and substitute counsel be appointed to represent the defendant. The District Court continued sentencing and referred the motion of the defendant to the undersigned. On January 26, 2010 upon the call of the matter on for hearing it appeared that the defendant was present with his attorney Amos Granger Tyndall and the government was represented by Assistant United States Attorney David Thorneloe. From the statements of the defendant, Mr. Tyndall, Mr. Thorneloe and the records in this cause, the court makes the following findings:

**Findings**. In the bill of indictment filed on December 3, 2008, the defendant was charged in count one with entering into a conspiracy to possess with intent to distribute a quantity of cocaine base, in violation of Title 21, U.S.C. § 846 and 841(a)(1). At the defendant's first appearance hearing, defendant requested that

counsel be appointed to represent him and attorney James S. Weidner of Charlotte, NC was appointed to represent the defendant.

On March 4, 2009, the defendant appeared before the undersigned and he entered a plea of guilty to the charge contained in the bill of indictment. Thereafter, in a letter dated September 1, 2009 the defendant requested that the District Court dismiss Mr. Weidner from the case and that a new attorney be appointed to represent him. The undersigned held a hearing in regard to the defendant's request on September 22, 2009 and entered an oral Order appointing new counsel and allowing a period of time for new counsel to determine if the defendant wished to file a motion to set aside his plea of guilty. Thereafter, Mr. Tyndall was appointed to represent the defendant.

At the hearing of the defendant's oral motion on January 26, 2010, it appeared to the court that in the hearing of the oral motion of the defendant, confidential communications between the defendant and Mr. Tyndall might be revealed. Over objection of the government, the undersigned sealed the hearing and requested that Mr. Thorneloe remove himself from the courtroom. The undersigned then made an inquiry of the defendant and Mr. Tyndall as shall appear in the sealed record.

On January 22, 2010, the District Court continued the sentencing of the defendant until the March 1, 2010 term of the District Court.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why the defendant does not wish for Mr. Tyndall to represent him further; and (3) whether or not there is such a conflict between the defendant and Mr. Tyndall that is so great it has resulted in a total lack of communication preventing an adequate defense. U.S. v. Gallop, 838 F.2d 105 (4th Cir. 1988).

As stated in the previous Order that was entered in this matter on October 5, 2009, the defendant entered a plea of guilty on March 4, 2009 but the plea is not final until a factual basis is found by the District Court. In determining the timeliness of the motion, the undersigned has considered the fact that sentencing of the defendant has been continued on several occasions and the defendant's oral motion to request that a different attorney be appointed to represent him was made during the actual sentencing. As a result, the undersigned must weigh this factor in favor of denying

the defendant's motion.

The undersigned made an inquiry as to the reasons for the conflict between the defendant and Mr. Tyndall. The complete record of this inquiry is contained in the sealed proceeding. From those proceedings, the undersigned has determined there is not a conflict between the defendant and Mr. Tyndall. Mr. Tyndall, in being honest and open with his client and in explaining the law and the defendant's situation in this case, is having to deliver to the defendant what this court would consider as being "bad news". There is not a degree of conflict in this matter and as a result, this factor must be weighed in favor of denying the defendant's motion. The contentions of the defendant continue to be the same as those presented to this court as those presented at the September 22, 2009 hearing.

The court has further examined the matter to determine whether or not there is such a conflict between Mr. Tyndall and the defendant such that there is a total lack of communication between them preventing an adequate defense. That degree of conflict does not exist in this case.

After considering all the factors, it appears that the motion of the defendant for substitution of counsel was not timely, and; that as a result of the inquiry made by the undersigned, the undersigned finds there is not a good reason to remove Mr. Tyndall and substitute counsel in this matter. The undersigned is further of the opinion that

there is not a lack of communication between Mr. Tyndall and the defendant which would prevent an adequate defense. Based upon the foregoing, the undersigned has determined to enter an Order denying the defendant's oral motion to substitute new counsel in this matter.

During the hearing of this matter, it appeared to the court from the statements of the defendant and from the motion to continue the sentencing hearing filed by Mr. Tyndall on behalf of the defendant on October 16, 2009 (#359), that the defendant and Mr. Tyndall made need additional time to make a determination about the appropriate course of action in this matter. As a result, the undersigned has consulted with the District Court and after such consultation will allow the defendant up to and including February 16, 2010 to either file a motion to withdraw the plea of guilty of the defendant, should the defendant and his counsel determine to do so, or to file additional objections to the presentence report that has been filed in this matter that the defendant and his counsel might deem to be appropriate.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the oral motion of the defendant to have a new attorney appointed to represent him in this matter is **DENIED** and the

defendant and his counsel be allowed up to and including **February 16, 2010** to file either a motion to withdraw the plea of guilty of the defendant or to file any objections that the defendant may have to the presentence report.

        Signed: January 27, 2010

        Dennis L. Howell
        United States Magistrate Judge