# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08-CR-128-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TERRANCE DEANDREW BACKUS. | ) | |
| | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned, pursuant to a letter (#391) forwarded by the defendant to the undersigned dated February 12, 2010 and received by the clerk on February 26, 2010. In the letter, the defendant requests that substitute counsel be appointed to represent the defendant in this case. Upon the call of the matter on for hearing the defendant was present and his attorney Amos Granger Tyndall was present and the government was present and represented through Assistant United States Attorney Don Gast. From the statements of the defendant, Mr. Tyndall, Mr. Gast and the records in this cause, the court makes the following findings:

**Findings**. The undersigned has considered the letter sent by the defendant as a motion to substitute counsel. This is the third time the undersigned has held a hearing with the defendant to consider a similar request.

The defendant was charged in the bill of indictment with entering into a conspiracy to possess with intent to distribute a quantity of cocaine base, in violation of Title 21, U.S.C. § 846 and 841(a)(1). The defendant appeared on March 4, 2009

before the undersigned and entered a plea of guilty to the charge contained in the bill of indictment. The defendant sent a letter to the undersigned dated September 1, 2009 requesting that the District Court dismiss his first appointed and appoint a new attorney to represent him. The undersigned allowed that request and Mr. Tyndall was appointed to represent the defendant.

On January 26, 2010, the defendant made an oral motion before the District Court during sentencing requesting that Mr. Tyndall be removed and substitute counsel be appointed for him. That matter was referred to the undersigned by the District Court and an Order (#385) was entered, after a hearing, denying the motion. The defendant has now made a third motion requesting the appointment of substitute counsel.

At the hearing of this motion on March 8, 2010, the undersigned sealed a large portion of the hearing and requested that Mr. Gast remove himself from the courtroom. It was the opinion of the undersigned that such was necessary due to the fact that the law requires that the undersigned make an inquiry of the defendant regarding the basis for his motion and being fearful that confidential communications might be revealed, the undersigned sealed that portion of the hearing as shall appear of record.

**Discussion:** Although stated in the previous Order (#385) denying a motion

to substitute counsel in this matter, the undersigned will again restate the law in this matter. An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different attorney only with good cause. US vs. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris vs. Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why the defendant does not wish for Mr. Tyndall to represent him further; and (3) whether or not there is such a conflict between the defendant and Mr. Tyndall that is so great it has resulted in a total lack of communication preventing an adequate defense. U.S. v. Gallop, 838 F.2d 105 (4th Cir. 1988).

In determining the timeliness of the motion, the undersigned has considered the fact that sentencing of the defendant has been continued on two previous occasions, that being October 16, 2009 and January 22, 2010. The presentence report in this matter was filed after additional time was granted for the consideration of additional objections that were filed by Mr. Tyndall on behalf of the defendant. There are fifteen defendants named in the bill of indictment and at the present time the defendant is the

one only defendant who has not been sentenced. The undersigned must consider that sentencing is imminent. As a result, the undersigned must weigh this factor in favor of denying the defendant's motion.

The undersigned made an inquiry as to the reasons for the conflict between the defendant and Mr. Tyndall. The complete record of this inquiry is contained in the sealed proceeding. It appears from the inquiry made that the defendant disagrees with the law. That disagree with the law is not considered by the undersigned as being a reason to allow the defendant's motion to withdraw. Substitute counsel would have to tell the defendant the same opinion regarding the status of the law as Mr. Tyndall. The undersigned finds that the degree of conflict in this matter must be weighed in favor of denying the defendant's motion. No matter who is the attorney representing the defendant, the defendant's disagreement with the status of the law will not change.

The court has further examined the matter to determine whether or not there is such a conflict between Mr. Tyndall and the defendant such that there is a total lack of communication between them preventing an adequate defense. Mr. Tyndall has filed an amended objection to the presentence report and has done all he can to adequately represent the defendant. The undersigned finds that the degree of conflict between the defendant and Mr. Tyndall does not show a total lack of communication between them preventing an adequate defense.

After considering all the factors, the court is of the opinion that the motion

should be denied. The court further finds that the removal of Mr. Tyndall would not be in the best interest of the defendant and the court will enter an order denying the defendant's motion to substitute new counsel in this matter.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the motion (#391) of the defendant to substitute counsel is hereby **DENIED.**

Signed: March 29, 2010

Dennis L. Howell
United States Magistrate Judge