THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00128-MR-DLH-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> TERRANCE DEANDREW BACKUS, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Clarification of Sentence, Clarification of Presentence Report and Rule 36 Motion" [Doc. 732].

On March 4, 2009, the Defendant pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On March 16, 2010, the Court determined that the Defendant was a career offender pursuant to U.S.S.G. § 4B1.1 and sentenced him to 262 months' imprisonment. [Doc. 406]. On December 28, 2010, the Fourth Circuit Court of Appeals affirmed the Defendant's conviction and sentence. [Doc. 458].

On November 3, 2011, the Defendant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 [Doc. 492], which this Court denied and dismissed on October 29, 2013. [Doc. 530]. On January 20, 2015, the Fourth Circuit dismissed the Defendant's appeal of the Court's Order denying the motion to vacate. [Doc. 630]. On January 19, 2016, the Court denied the Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), reasoning that Amendment 782 did not impact the Defendant's Guidelines calculation because the Defendant's offense level was based upon his classification as a career offender. [Doc. 694]. The Defendant sought reconsideration of the denial of his § 3582 motion [Doc. 697], which was denied [Doc. 698]. The Fourth Circuit affirmed the denial of the Defendant's § 3582 motion on October 4, 2016. [Doc. 722].

The Defendant now files the present motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure, seeking "a clarification and explanation of his Presentence report and sentence." [Doc. 732 at 2]. Specifically, the Defendant seeks to have the record "corrected" to reflect that he is not a career offender. [Id.].

The Defendant's motion is without merit. Rule 36 of the Federal Rules of Criminal Procedure provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an

error in the record arising from oversight or omission." Fed. R. Crim. P. 36. While the Defendant argues that he is seeking a "correction" of his Presentence Report (PSR), he is in fact asserting a substantive challenge to the information contained therein.[1] "Rule 36 motions apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report . . . ." United States v. Wilkes, 376 F. App'x 295, 296 (4th Cir. 2010) (per curiam). Instead, such challenges must be made in the form of objections to the presentence report, which objections must be filed within fourteen days of receiving the document. See Fed. R. Crim. P. 32(f)(1). Because the time for making such objections has long

---

[1] The Defendant's confusion is understandable. The record in this matter is quite complex. Based on the factors set out in the PSR, the Defendant was determined to be a career offender. [Doc. 397 at 11]. Based thereon his total offense level (TOL) was determined to be 34. [Id.; Doc. 423 at 7-10]. At sentencing, the Defendant's total offense level was *also* determined to be 34 based on drug quantities and other enhancements. [Id.]. The Defendant's criminal history category (CHC) was determined to be VI based on his career offender status *as well as* based on his criminal history points. [Doc. 327 at 17]. All of these determinations were left undisturbed at sentencing. [Doc. 423 at 9-10]. As such, the Defendant was determined to be a career offender, and that determination was not disturbed on appeal [Doc. 722] or on the Defendant's initial petition under § 2255 [Doc. 605]. The Defendant is apparently confused by the statement in this Court's Memorandum of Decision disposing of the Defendant's § 2255 petition, wherein it was stated that "Petitioner was not sentenced as a career offender." [Doc. 605 at 21]. That one clause, however, if taken in the context of the issue then before the Court, shows that the Defendant's Guideline range was the same whether calculated based on his career offender status or based on drug quantities and enhancements (TOL 34, CHC VI). [Id. at 21-22]. The upshot was that the Defendant's Guideline range was 262 to 327 months either way. The Defendant, however, was *still determined to be* a career offender, and that determination has never been disturbed in any manner. As such, the error the Defendant seeks to correct is no error at all.

3

since passed, the Court lacks jurisdiction to entertain the Defendant's objection to his PSR. See United States v. Davis, No. PJM 00-0424, 2012 WL 8466126, at *1 (D. Md. Nov. 2, 2012).

Further, in challenging his designation as a career offender, the Defendant is attacking the same criminal judgment that he challenged in his prior § 2255 motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (noting that "new legal arguments or proffers of additional evidence will usually signify that the prisoner is . . . continuing his collateral attack on his conviction or sentence"). The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). As noted, the Defendant previously has filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied and dismissed. The Defendant has provided no evidence that he has secured the necessary

authorization from the Fourth Circuit to proceed with a successive § 2255 motion on this issue. This Court is therefore without jurisdiction to consider a successive petition under § 2255. See In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).

For the foregoing reasons, the Defendant's Rule 36 motion is denied. Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Clarification of Sentence, Clarification of Presentence Report and Rule 36 Motion" [Doc. 732] is **DENIED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: July 7, 2017

Martin Reidinger
United States District Judge